FILED

2012 Jul-09  PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BENNY RAY BORDEN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. 6:10-cv-02871-RBP-HGD |
| ) | |
| WARDEN BOYD and THE ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents ) | |

## <u>MEMORANDUM OPINION</u>

On June 13, 2012, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On June 18, 2012, petitioner filed objections to the magistrate judge's report and recommendation.

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The plaintiff did not present his objection to the trial court's jury instruction on flight, thereby failing to properly

preserve it for appellate review.[1] The Alabama Court of Criminal Appeals correctly found that the plaintiff's claim was procedurally defaulted; therefore, the plaintiff's claim is barred from federal review. *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990), *cert. denied*, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990) ("Where the state court correctly applies a procedural default principle of state law, *Sykes* requires the federal court to abide by the state court's decision") (citing *Wainwright v. Sykes*, 433 U.S. 72, 80-88 (1977)). The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be DENIED.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

---

[1] Borden did object to the flight instruction on the grounds that it was *untimely*, and that he did not have adequate time to research the law on flight and submit his own instruction. However, he did not object on the specific grounds he raised on appeal or that he now raises in his habeas petition, *i.e.*, that the charge on flight was *improper*. The citations to the record provided by Borden in his Objections to the magistrate judge's Report and Recommendation are taken out of context. When asked for any objections to the charge, defense counsel stated: "Our objection in this is an untimely jury instruction that was submitted at the last minute. Here we are within minutes of jury instructions. We haven't had time to review this or test the case law that seems to be the basis for this. And we would ask for an opportunity to submit our own jury instruction, the defendant's proposed jury instruction on the issue of flight." Trial Record at p. 213.

DONE this 9th day of July, 2012.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**